**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4708**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ADRIAN CHRISTOPHER SOLARES, a/k/a Joker,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge. (3:12-cr-00114-MOC-DSC-1)

Submitted:  March 24, 2015        Decided:  April 6, 2015

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Christopher Solares appeals his convictions and 93-month sentence imposed after he pled guilty to one count each of conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) (2012); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2012); and conspiracy to use or carry a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (2012). Solares asserts that his guilty plea should be set aside and his case remanded to the district court for trial because he argues that: (1) his first attorney rendered ineffective assistance of counsel when counsel allegedly advised Solares that he could not plead guilty to some of the counts against him and proceed to trial on the remaining counts; and (2) the district court abused its discretion when it denied his motion to withdraw his guilty plea. Finding no error, we affirm.

First, we reject Solares's ineffective assistance of counsel claim on this appeal. "It is well established that a defendant may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir.) (internal quotation marks, brackets,

2

ellipsis, and emphasis omitted), cert. denied, 135 S. Ct. 215 (2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that: (1) counsel's performance was objectively unreasonable; and (2) defendant was prejudiced by counsel's performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Within the context of a guilty plea, prejudice exists if the defendant "show[s] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To establish that he would have proceeded to trial but for counsel's alleged pre-plea error, Solares "must convince the court that such a decision would have been rational under the circumstances." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (internal quotation marks omitted). We have reviewed the record and find that it does not conclusively appear from

the record that counsel provided ineffective assistance. Accordingly, we reject Solares's ineffective assistance of counsel claim on this direct appeal.

We reject Solares's argument that his plea should be set aside and the matter remanded because the magistrate judge should have allowed him to withdraw his guilty plea. First, Solares never appealed the magistrate judge's ruling to the district court. Accordingly, Solares has waived appellate review of this issue. Fed. R. Crim. P. 59; United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984) ("We do not believe . . . that the [Federal Magistrates] Act can be interpreted to permit a party . . . to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals.").

In any event, we find no error in the magistrate judge's decision to deny Solares's motion to withdraw. A defendant has no absolute right to withdraw his guilty plea, and he bears the burden of "show[ing] a fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B); see United States v. Nicholson, 676 F.3d 376, 383-84 (4th Cir. 2012). This court has identified six factors that the district court should evaluate in deciding whether to grant a motion for withdrawal of a guilty plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The magistrate judge, upon reviewing these factors, concluded that

Solares failed to make the necessary showing.  We find that the magistrate judge did not abuse his discretion in denying Solares's motion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED